IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

          Plaintiff,               No. CIV S-05-2591 DFL GGH

 vs.

JACKIE C. MARTINEZ, et al.,       FINDINGS & RECOMMENDATIONS

          Defendants.

_____/

       Plaintiff's motion for entry of default judgment against Defendants Jackie Martinez and Steve Martinez, filed July 17, 2006, was submitted on the record; the hearing scheduled for September 7, 2006, was vacated.  E. D. Cal. L. R. 78-230(h).  Upon review of the motion and supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

       On December 21, 2005, plaintiff filed the underlying complaint in this action against defendants Jackie Martinez and Steve Martinez, owners of Fast Stop Food Mart, 5601 Wilkinson Street, Sacramento, California.  See Complaint, at p. 2.  Plaintiff alleges he visited the store on April 10, 2005 and informed the cashier that the disabled parking space was worn out and needed to be repainted.  He was given a phone number to call, which he did, leaving a

1   message.  On September 10, 2005, plaintiff visited the store again but there had been no

2   alterations, causing plaintiff to make his purchases at other convenience stores.  Complaint, at p.

3   3.  He asserts the parking lot lacks a properly configured disabled parking space in violation of

4   the Americans With Disabilities Act and state law.  Id. at 3-4.  The summons and complaint were

5   personally served on defendant Steve Martinez and Jackie Martinez at defendants' residence, on

6   December 28, 2005.[1]  Fed. R. Civ. P. 4(e)(2).  Pacific Atlantic Trading Co. v. M/V Main

7   Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal

8   jurisdiction).  Defendants have failed to file an answer or otherwise appear in this action.  On

9   March 30, 2006, the clerk entered default against defendants Steve Martinez and Jackie

10  Martinez.

11          Notice of entry of default and the instant motion for default judgment and

12  supporting papers were not served on defendants.  If default judgment is sought against a party

13  who has appeared in the action, the party must be served with written notice of the application

14  for judgment at least three days prior to the hearing.  Fed. R. Civ. P. 55(b)(2).  As defendants

15  never appeared in the action, there was no requirement that they be given notice of plaintiff's

16  motion for default judgment.  See LG Electronics, Inc. v. Advance Creative Computer Corp., 212

17  F. Supp. 2d 1171, 1174 (N.D. Cal., 2002).  Plaintiff seeks an entry of default judgment in the

18  amount of $8,000 pursuant to California Civil Code section 52(a).[2]

19  /////

20

---

21          [1] As there is no proof of service upon any other person, it is presumed that plaintiff,
    pursuant to his motion for default judgment, is dismissing Does 1 through 10.  Otherwise, an
22  interlocutory partial judgment against only Steve and Jackie Martinez would be improper.

23          [2] Cal.Civil Code § 52(a) provides: "Whoever denies, aids or incites a denial, or makes
    any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every
24  offense for the actual damages, and any amount that may be determined by a jury, or a court
    sitting without a jury, up to a maximum of three times the amount of actual damage but in no
25  case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by
    the court in addition thereto, suffered by any person denied the rights provided in Section 51,
26  51.5, or 51.6."

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The memorandum of points and authorities filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested.  There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

In view of the foregoing findings, it is the recommendation of this court that:

1.  Plaintiffs' motion for entry of default judgment be GRANTED as to Steve Martinez and Jackie Martinez.  Judgment should be rendered in the amount of $8,000.

2.  Defendants Does 1 through 10 be dismissed from this action.

These findings and recommendations are submitted to the Honorable David F. Levi, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/2/06

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/Johnson2591.def.wpd

3